# BUNDY *v.* UNITED STATES EX REL. DARLING.

JUSTICES OF THE PEACE; NOTICES OF APPEAL; APPEAL BONDS; MANDAMUS; PRACTICE.

1. An objection that the notice of the offering of an appeal bond in a justice of the peace case, gave the name of the proposed surety as "The Title Guaranty & Trust Company," while the correct title of the company was "The Title Guaranty & Trust Company of Scranton, Pennsylvania," is untenable, and mandamus will lie to compel the justice of the peace to approve the bond, where he refuses to do so because of such variance.

2. *Quære,*—whether the six days after judgment allowed by sec. 31, D. C. Code, to tender an appeal bond in a justice of the peace case, is extended in cases of the trial to the right of property to six days after a notice of appeal entered, by the terms of sec. 35 D. C. Code.

3. *Quære,*—Whether the supreme court of this District has the authority to make a rule which, if enforced literally, may shorten the time given by statute for giving an appeal bond in a justice of the peace case, should the appellant be unable to procure the necessary surety before the commencement of the time required for notice of his intention to appeal. Probably when a bond is tendered on the last day allowed by the statute, the rule as to notice may still operate, in which event, if satisfied with the surety, the justice could enter his approval as of the date of filing, as indicated in *United States ex rel. Beal v. Cox,* 14 App. D. C. 368.

4. The relator in a mandamus proceeding may use the name of the United
   States in such proceeding as a matter of course without resort to the
   intervention of the United States attorney, and even the use of the
   name of the United States is not now essential to the maintenance of
   the proceeding. (Following *Dancy* v. *Clark,* 24 App. D. C. 487).

No. 1487.   Submitted April 5, 1905.   Decided May 2, 1905.

Hᴇᴀʀɪɴɢ on an appeal by the respondent, a justice of the
peace, from an order of the Supreme Court of the District of
Columbia directing the issue of the writ of mandamus to com-
pel the approval of an appeal bond.                 *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Wm. S. Abert* and *Mr. Conway Robinson* for the appel-
lant.

*Mr. E. G. Niles* and *Mr. J. S. Whitt* for the appellee.

Mr. Chief Justice Sʜᴇᴘᴀʀᴅ delivered the opinion of the
Court:

This is an appeal from an order of the supreme court of the
District, awarding a writ of mandamus to compel the appellant,
Charles S. Bundy, as a justice of the peace, to approve an ap-
peal bond.

The following facts appear from the petition and return: In
a case pending before the appellant, as justice of the peace, be-
tween Ehud N. Darling and William Stone Abert, the same
being a trial of the right of property, the said justice, on July
21, 1904, rendered judgment in favor of Abert, from which
Darling entered notice of appeal.   On said day Darling served
notice upon Abert that he had entered an appeal and would, on
July 21, offer the Title Guaranty & Trust Company as surety
upon his appeal bond.*   On said date Darling appeared in per-

---

*There appears to be some confusion in the record as to the dates, al-
though the petition and return give the dates mentioned in the opinion.
It would seem, however, that the true date of the judgment was July

BUNDY *v.* UNITED STATES ex rel. DARLING.        461

D. C.]                    Opinion of the Court.

son before said justice, with the duly authorized agent of the Title Guaranty & Trust Company, of Scranton, Pennsylvania, and offered an appeal bond in the proper amount for his approval. Upon objection of Abert's counsel, the justice refused to approve said bond, as appears from his minutes, because of variance in notice and failure to comply with rule 20 of the supreme court of the District, regulating notice in such cases. Rule 20 provides that two clear days of notice of the offering of an appeal bond from a judgment of a justice of the peace shall be given, and such notice shall contain the name and address of the proposed surety. The notice gave the name and correct address of the said surety company, but omitted the words "of Scranton, Pennsylvania." The Title Guaranty & Trust Company, of Scranton, Pennsylvania, appears of record as having been regularly admitted and approved as sufficient surety upon appeal bonds in the courts of the District, and there is no company of similar name upon the said record. It seems quite clear that, before the objection was sustained, both the objecting party and the justice of the peace were well informed that the notice referred to the Title Guaranty & Trust Company, of Scranton, Pennsylvania, and to none other.

We are of the opinion that it was the plain duty of the justice of the peace, under the circumstances, to approve the bond that had been tendered. *United States ex rel. Beal* v. *Cox,* 14 App. D. C. 368, 373. In that case it was said: "If the bond appear to be regular in form and execution, and the surety sufficient, it is his duty to approve it without regard to captious objections that may be raised on behalf of an opposing party." This being the case, it was clearly within the power and became the duty of the supreme court of the District in the exercise of

15, 1904; that on the same day an appeal was noted and a notice given that a surety would be offered on July 20, 1904; that proceedings under this notice were abandoned, a new appeal noted and a notice given July 18, 1904, that the surety company mentioned in the opinion would be offered on July 21, 1904.—REPORTER.

462        BUNDY *v.* UNITED STATES ex rel. DARLING.

Opinion of the Court.                    [25 App.

its appellate jurisdiction in the premises to compel the approval of the bond. *Church* v. *United States,* 13 App. D. C. 264, 266.

The bond was tendered within the six days prescribed by section 31 of the Code, and it is not necessary therefore to consider whether, in cases of the trial of the right of property in a justice's court, this time is extended to six days after prayer for appeal entered, by the terms of section 35.

Nor, as the notice was given in the time prescribed by rule 20, is it necessary to determine whether the supreme court of the District has the authority to make a rule which, if enforced literally, might shorten the time for giving an appeal bond should the appellant be unable to procure the requisite surety before the commencement of the time required for notice of his intention. Probably when a bond shall be tendered on the last day allowed by the Code, the rule as to notice might still operate; in which event, if satisfied with the surety, the justice could enter his approval as of the date of filing, as indicated in *United States ex rel. Beal* v. *Cox,* 14 App. D. C. 368, 374.

The question of the power of the court to make a rule that in its necessary operation might shorten the statutory period for tendering appeal bonds in the courts of justices of the peace will not be determined until a case shall come before us which renders it necessary.

The objection that the petition for mandamus could only be prosecuted by the United States attorney for the District has been presented, for the first time, on this hearing. Even if not too late to be now entertained, it is without merit. It has always been the practice to permit the relator in such proceedings to use the name of the United States, as a matter of course, without resort to the intervention of the district attorney; and even that formality is not now considered essential to the maintenance of the action. *Dancy* v. *Clark,* 24 App. D. C. 487.

There was no error in granting the writ of mandamus, and the order will be affirmed, with costs. It is so ordered.

*Affirmed.*